Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE J. WILLIAMSON, | Case No.: 4:17-cv-189 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JEFFERSON CAPITAL SYSTEMS, a Georgia limited liability company. | |
| Defendant. | |

COMES NOW the Plaintiff Mike J. Williamson, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendant as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Mike J. Williamson is a natural person residing in Bonneville County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**Complaint - Page 1 of 5**

3. Defendant Jefferson Capital Systems is a Georgia limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 16 McLeland Road, St. Cloud, MN 56303.

4. Jefferson Capital Systems is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Jefferson Capital Systems is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d).

7. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

8. Jefferson Capital Systems is a company which purchases charged-off debts for pennies on the dollar and then attempts to collect.

9. Jefferson Capital Systems attempts to collect debts allegedly owed by Idaho residents using in-house counsel.

10. Those collection efforts include filing suit in Idaho.

11. On March 16, 2017, Jefferson Capital Systems filed a Complaint against Mike J. Williamson in Bonneville County Court, Case No. CV-2017-0001594-OC.

12. The Complaint alleged that Jefferson Capital Systems was the assignee of an account in Mr. Williamson's name which originated with Fingerhut Direct Marketing.

13. The Complaint further alleged that Mr. Williamson was indebted to Jefferson Capital Systems in the amount of $863.03.

14. The alleged debt was primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

15. On March 27, 2017, Mr. Williamson filed a motion for summary judgment through counsel.

16. Jefferson Capital Systems filed four documents on April 11: an opposition to the motion for summary judgment, a brief in support of the opposition, an affidavit of Gabriel Grant in support of the opposition, and a motion to dismiss the case without prejudice.

17. Grant, who is the data integrity manager of Jefferson Capital Systems, averred that "As of the this date, the amount owing is:"

```
Principal:                               $863.03
Costs:                                   $166.00
Payments:                                  $0.00
Total:                                  $1029.03
```

18. The affidavit was dated April 11, 2017.

19. The motion to dismiss without prejudice was granted and an order dismissing the case was entered April 14.

### COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

20. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

21. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

22. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

23. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

24. 15 U.S.C. § 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt."

25. Idaho Rule of Civil Procedure 54(d)(1) allows the prevailing party to recover court filing fees as a matter of right.

26. The $166.00 in costs sought by Jefferson Capital Systems represented the court filing fee for the Complaint.

27. At the time the letter of the filing of Grant's affidavit, no judgment had been obtained, therefore there was no prevailing party.

28. By listing court costs, Jefferson Capital Systems implicitly suggested that it was entitled to court costs despite not being the prevailing party and contrary to Idaho Rules of Civil Procedure, therefore Defendant misrepresented the amount and legal status of the debt.

29. Given that Jefferson Capital Systems had filed a motion to dismiss without prejudice, which would make it not the prevailing party, it could not possibly have been entitled to the court cost it alleged were owed in Grant's affidavit.

30. Mr. Williamson is entitled to statutory and actual damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

D. In the event of default judgment, for attorney fees in the amount of $2,000.00,

    E.    For Court costs; and

    F.    For such other and further relief as may be just and proper.

DATED: May 2, 2017.

<u>/s/ Ryan A. Ballard</u>
Ryan A. Ballard
Ballard Law, PLLC
